The Law Offices of Avrum J. Rosen, PLLC
Proposed Attorneys for Debra Kramer, Trustee
38 New Street
Huntington, New York 11743
631 423 8527
Fred S. Kantrow

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
In re:

        SHAHARA KHAN,

                         Debtor.
----------------------------------------------------------------x
DEBRA KRAMER AS TRUSTEE OF THE ESTATE
OF SHAHARA KHAN,

                    Plaintiff,

      -against-

TOZAMMEL H. MAHIA,

                    Defendant.
----------------------------------------------------------------x

Chapter 7
Case No.: 10-46901-ess

Adv. Pro. No.: 11-

## COMPLAINT

        Debra Kramer, the plaintiff and the trustee (the "Plaintiff" or the "Trustee"), by and

through her attorneys, The Law Offices of Avrum J. Rosen, PLLC, respectfully submits this as

and for her complaint (the "Complaint") as against Tozammel H. Mahia ("Mahia" or the

"Defendant") and states as follows:

## PRELIMINARY STATEMENT

        1.      This adversary proceeding seeks to recover alleged fraudulent conveyances from

Mahia as a result of the Defendant's receipt of $106,761.00 as a result of the sale of the real

property commonly known as 87-27 110th Street, Richmond Hill, New York 11418 (the

"Richmond Hill Property"), in which the Defendant, along with the Debtor and a third party, each held a one third (1/3) interest, as of April 3, 2007.

### THE PARTIES

2.       Mahia is an individual with a mailing address of 101-14 102nd Street, Ozone Park, New York 11416-2620.

3.       Debra Kramer is the Trustee herein.

### JURISDICTION

4.       This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 (a) and 1334.

5.       The United States Bankruptcy Court for the Eastern District of New York is the proper venue for this proceeding in accordance with 28 U.S.C. §§ 1408 and 1409 (a).

6.       The statutory predicates for the relief sought herein are 11 U.S.C.§§ 542, 544, 550 and 551 and 12 N.Y. Debt. & Cred. Law §§ 270 et seq. ("Debtor and Creditor Law"); Bankruptcy Rules 7001 *et. seq.,* and common law principles of fraud and unjust enrichment.

7.       This adversary proceeding relates to the above-captioned bankruptcy proceeding pending in the Bankruptcy Court for the Eastern District of New York and is a "core proceeding" as that term is defined in 28 U.S.C. § 157 (a), (b)(2)(A), (E), (H), (N), and (O) and Bankruptcy Rules 7001 *et. seq.*

8.       In the event that this Court determines that this cause of action, as alleged herein, is not a core proceeding, the Plaintiff consents to the entry of final orders and judgment by this Court determining such causes of action.

## BACKGROUND

9.      On July 22, 2010, (the "Petition Date") the Debtor filed a voluntary

petition for relief from her creditors pursuant to chapter 7 of the Bankruptcy Code.

10.     Debra Kramer was appointed as the interim Trustee and thereafter did duly qualify

as the permanent case Trustee.

11.     Prior to the commencement of the instant chapter 7 case, the Debtor, along with

the Defendant and a third party, Shamsum N. Rimi (collectively, the "Sellers") , conveyed their

interest in the Richmond Hill Property, via deed dated April 5, 2007, to Jany Sikder.

12.     Upon information and belief, and upon a review of the closing documents from

the closing of the sale of the Richmond Hill Property, the Sellers realized net proceeds in the

amount of $106,761.00.

13.     Upon information and belief, and based upon the review of the deed, the Debtor

held a one third (1/3) interest in the Richmond Hill Property.

14.     Accordingly, the Debtor should have received $35,587.00 as her respective share

of the sale proceeds.

15.     Upon information and belief, and based upon the review of the closing documents

from the sale of the Richmond Hill Property, the Debtor did not receive any proceeds from the

sale.  Instead, the Defendant received all of the net sales proceeds.

## AS AND FOR A FIRST CAUSE OF ACTION

16.     The Trustee repeats and realleges each and every allegation contained in

paragraphs "1" through "15" as if each were more fully set forth herein.

17.     Section 542(a) of the Bankruptcy Code provides, in pertinent part, that, "an entity

3

in possession, custody or control, during the case, of property that the trustee may use, shall

deliver to the trustee, and account for, such property or the value of such property, unless such

property is of inconsequential value or benefit to the estate".

18.     The Defendant is in possession, custody or control, during the case, of the

Debtor's share of the net sales proceeds in the amount of $35,587.00.

19.     The Defendant has not delivered this amount to the Trustee.

20.     The Defendant has not accounted to the Trustee.

21.     The property made be used by the Trustee to pay creditors of this estate.

22.     The property is not of inconsequential value to the estate.

23.     Accordingly, the Trustee is entitled to a judgment against the Defendant directing

him to account for and to deliver to the Trustee the sum of $35,587.00.

## AS AND FOR A SECOND CAUSE OF ACTION

24.     The Trustee repeats and reallages each and every allegation contained in

paragraphs "1" through "23" as if each were more fully set forth herein.

25.     To the extent that the claims herein arise under Bankruptcy Code § 544(b), the

Trustee is asserting the rights of a creditor with an unsecured claim allowable in the bankruptcy

case.

26.     Upon information and belief, at the time the Defendant received the Debtor's

interest in the net sales proceeds, she was insolvent or the transfer rendered the Debtor insolvent.

27.     The Debtor did not receive fair consideration for the transfer made to the

Defendant.

28.     The Defendant benefitted from the transfer made by the Debtor.

4

29.     The transfer is voidable under Debtor and Creditor Law § 273 as a fraudulent conveyance.

30.     By reason of the foregoing, the Plaintiff is entitled a declaratory judgment setting aside the transfer made by the Debtor and determining that the transfer is a fraudulent conveyance under Debtor and Creditor Law §273.

### AS AND FOR A THIRD CAUSE OF ACTION
### UNDER SECTION 278 OF DEBTOR AND CREDITOR LAW
### AND SECTION 550 OF BANKRUPTCY CODE

31.     Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "30".

32.     Under Debtor and Creditor Law § 278 and Bankruptcy Code § 550 (a), the Plaintiff may recover the transfer that was made and/or the value thereof.

33.     The Defendant benefitted from the Debtor's transfer to him in the amount of $35,587.00.

34.     By reason of the foregoing, the Plaintiff is entitled to a judgment against the Defendant in the amount of $35,587.00 pursuant to Sections 273 and 278 of Debtor and Creditor Law and Section 550 of the Bankruptcy Code.

### AS AND FOR A FOURTH CAUSE OF ACTION
### PURSUANT TO NEW YORK DEBTOR & CREDITOR LAW SECTION 274

35.     The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "34" as if each were more fully set forth herein.

36.     Upon information and belief, the transfer was made without fair consideration and the property remaining with the Debtor after the transfer was an

5

unreasonably small capital.

37.     The transfer is voidable under Debtor and Creditor Law § 274 and

Bankruptcy Code § 544 (b).

38.     By reason of the foregoing, the Plaintiff is entitled a declaratory judgment

setting aside the transfer made and determining that the transfer is a fraudulent conveyance

under Debtor and Creditor Law §274.

**AS AND FOR A FIFTH CAUSE OF ACTION**
**UNDER SECTION 278 OF DEBTOR AND CREDITOR LAW**
**AND SECTION 550 OF BANKRUPTCY CODE**

39.     The Plaintiff repeats and realleges each and every allegation contained in

paragraphs "1" through "38" as if each were more fully set forth herein.

40.     Under Debtor and Creditor Law § 278 and Bankruptcy Code § 550(a), the

Plaintiff may recover the transfer or the value thereof.

41.     By reason of the foregoing, the Plaintiff is entitled to set aside the transfer

made and recover the value thereof.

42.     The Defendant benefitted from the Debtor's transfers to him in the amount of

$35,587.00.

43.     By reason of the foregoing, the Plaintiff is entitled to a judgment against

the Defendant in the amount of $35,587.00 pursuant to Sections 274 and 278 of Debtor and

Creditor Law and Section 550 of the Bankruptcy Code.

**AS AND FOR A SIXTH CAUSE OF ACTION**
**PURSUANT TO NEW YORK DEBTOR & CREDITOR LAW SECTION 275**

44.     The Plaintiff repeats and realleges each and every allegation contained in

paragraphs "1" through "43" as if each were more fully set forth herein.

45.    The transfer was made without fair consideration when the Debtor intended and believed that she would incur debts beyond her ability to pay them as they became due.

46.    The transfer is voidable under Debtor and Creditor Law § 275 and Bankruptcy Code § 544(b).

47.    By virtue of the foregoing, Plaintiff is entitled to judgment setting aside the transfer as a fraudulent conveyance under Debtor and Creditor Law § 275 and Bankruptcy Code § 544(b).

## AS AND FOR A SEVENTH CAUSE OF ACTION
## PURSUANT TO NEW YORK DEBTOR & CREDITOR LAW SECTION 276

48.    The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "47" as if each were more fully set forth herein.

49.    Upon information and belief, the transfer was made with actual intent to hinder, delay, or defraud either present or future creditors of the Debtor.

50.    The transfer is voidable under Debtor and Creditor Law § 276 and Bankruptcy Code § 544(b).

51.    By virtue of the foregoing, Plaintiff is entitled to judgment setting aside the transfer as a fraudulent conveyance under Debtor and Creditor Law § 276 and Bankruptcy Code § 544(b).

## AS AND FOR AN EIGHTH CAUSE OF ACTION
## UNDER SECTION 276-a OF DEBTOR AND CREDITOR LAW

52.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "51" as if each were more fully set forth herein.

53.    The Plaintiff is also entitled to recover attorneys' fees under Debtor and

Creditor Law § 276-a.

54.    By virtue of the foregoing, Plaintiff is entitled to judgment equal to attorneys'

fees incurred in connection with this action pursuant to Section 276-a of Debtor and Creditor

Law.

**AS AND FOR A NINTH CAUSE OF ACTION**
**FOR UNJUST ENRICHMENT**

55.    Plaintiff repeats and realleges each and every allegation contained in

paragraphs "1" through "54" as if each were more fully set forth herein.

56.    The Defendant's actions has caused him to be unjustly enriched.

57.    By virtue of the foregoing, Plaintiff is entitled to judgment against the

Defendant in the amount of $35,587.00.

**WHEREFORE,** the Plaintiff respectfully demands judgment as follows:

(A) On the First Cause of Action, Plaintiff is entitled to a judgment against the

Defendant directing him to deliver the sum of $35,587.00 to the Trustee pursuant to section

542 of the Bankruptcy Code;

(B) On the Second Cause of Action, a declaratory judgment setting aside the transfer

made as a fraudulent conveyance under Debtor and Creditor Law §273;

(C) On the Third Cause of Action,  judgment against the Defendant in the amount of

$35,587.00 pursuant to Section 278 of Debtor and Creditor Law and section 550 of the

Bankruptcy Code;  and

(D) On the Fourth Cause of Action, judgment against the Defendant in the amount of

$35,587.00 pursuant to Section 274 of Debtor and Creditor Law and Section 550 of the Bankruptcy Code; and

(E) On the Fifth Cause of Action, a declaratory judgment setting aside the transfer made as a fraudulent conveyance under Debtor and Creditor Law §278;

(F) On the Sixth Cause of Action, a judgment against the Defendant in the amount of $35,587.00 pursuant to Sections 275 and 278 of Debtor and Creditor Law and Section 550 of the Bankruptcy Code; and

(K) On the Seventh Cause of Action, a declaratory judgment setting aside the transfer made as a fraudulent conveyance under Debtor and Creditor Law §276;

(L) On the Eighth Cause of Action,  judgment equal to attorneys' fees incurred in connection with this action pursuant to Section 276-a of Debtor and Creditor Law;

(M) On the Ninth Cause of Action, judgment against the Defendant in the amount of $35,587.00 based upon unjust enrichment; and

(N) together with such other and further relief as this Honorable Court determines appropriate under the facts and circumstances herein.

Dated: Huntington, New York
      December 3, 2011

                             The Law Offices of Avrum J. Rosen, PLLC
                             Attorneys for Debra Kramer, Esq.

                    BY:  S/Fred S. Kantrow
                             Fred S. Kantrow
                             38 New Street
                             Huntington, New York 11743
                             631 423 8527
                             Fkantrow@avrumrosenlaw.com