

Attorneys & Counselors at Law
286 Madison Avenue Suite 1100
New York, New York 10017
Tel: (212) 370-0447  Fax: (212) 370-0465
Email: kchittur@chittur.com  Web: www.chittur.com

November 26, 2012

Hon. Elizabeth Stong
Judge, United States Bankruptcy Court (E.D.N.Y.)
Conrad B. Duberstein U.S. Courthouse
271 Cadman Plaza East Suite 1595
Brooklyn, NY 11201-1800

    Re:    *In re, Sahara Khan*, No. 10-46901-ESS
             *Kramer v. Mahia*, Adv. Proc. No. 11-1520-ESS

    Sub:  Motion for Sanctions under 28 U.S.C. §1927 against Karamvir Dahiya, Esq., and The Dahiya Law Offices, LLC

Your Honor:

    We are counsel for Mr. Dahiya and his law firm, Dahiya Law Offices, LLC, in the United States District Court for Eastern District of New York, for the limited purpose of the motion for withdrawal of reference which was filed on November 19, 2012 (dkt. 50). The central issue on that motion is whether, under the circumstances presented, this Court has subject-matter jurisdiction over the 1927 motion seeking sanctions against Mr. Dahiya and his law firm.

    It appears that this jurisdictional issue was first raised in this Court in April 2012, *see* dkt. 18. However, it has not been resolved. Nevertheless, by orders of June 14, 2012 (dkt. 26) and November 7, 2012, (dkt. 47), an evidentiary hearing has been scheduled for November 30, 2012, on the underlying 1927 motion.

    This procedure is contrary to settled law and practice, and puts the proverbial cart before the horse.

> [A] federal court may not ... decide a case on the merits before resolving whether the court has . . jurisdiction.

*United States v. Miller*, 263 F.3d 1, 4 n. 2 (2d Cir. 2001). *Accord, EM Ltd. v Republic of*

Hon. Elizabeth Stong  *In re, Sahara Khan*, No. 10-46901-ESS
November 26, 2012  Kramer v. Mahia, Adv. Proc. No. 11-1520-ESS

*Argentina*, 695 F3d 201, 205 (2d Cir 2012) ("Before turning to the merits, we first address NML's contention that we lack subject matter jurisdiction . ."); *Aladdin Capital Holdings, LLC v. Donoyan*, 438 Fed. Appx. 14, 15 (2d Cir. 2011) ("We must first address whether we have . . jurisdiction . ."); *Donohue v Mangano*, 193 LRRM (BNA) 3345 (E.D.N.Y. Aug. 20, 2012) ("The Court will first address any questions as to jurisdiction, and will then proceed to assess the substantive merits of the motion . .").

Accordingly, we respectfully request that an order be entered canceling the evidentiary currently scheduled for November 30, 2012. Alternatively, at a minimum, the hearing should be adjourned *sine die* pending the District Court's decision. Thank you for your attention.

Respectfully submitted,

Krishnan S. Chittur, Esq.