**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------X Case No. 10-46901

IN RE:

        SHAHARA KHAN,

                      Debtor

----------------------------------------------------------------------X  Adversary No. 11-01520

**DEBRA KRAMER, as Trustee of Estate**
**Of SHAHARA KHAN,**

                      Plaintiff,

--against—

**TOZAMMEL H. MAHIA**

                     Defendant.
-----------------------------------------------------------------X

**TO THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

PLEASE TAKE NOTICE that, upon the accompanying Memorandum and affirmation in Support of Tozammel H. Mahia 's Motion to Withdraw the Reference, dated December 4, 2012; the Declaration of Karamvir Dahiya, Esq. in Support of the Motion to Withdraw the Reference and exhibits thereto; and all the papers filed and proceedings had herein, Tozammel H. Manhia (together, the "Movant" or "Mahia") respectfully hereby move the United States District Court for the Eastern District of New York for an order, pursuant to 28 U.S.C. §157(d), Rule 5011 of the Federal Rules of Bankruptcy Procedure, and Rule 5011-1 of the

1

Local Rules of the United States Bankruptcy Court for the Eastern District of New York, withdrawing the reference to the United States Bankruptcy Court for the Eastern District of New York of the underlying adversary complaint as initiated by the plaintiff trustee and her counsels against the defendant in the above-captioned adversary proceedings. The withdrawal of the reference is also requested pursuant to the United States Constitution.

Further, Notice is given that this motion is based on jurisdictional and constitutional facts involving Article III values with assertion of right to be heard by an Article III, that there has not been an express consent to the jurisdiction of the bankruptcy judge adjudication and that the Bankruptcy Unit of Eastern District of New York has no jurisdiction over the alleged dispute or claim.

Dated: New York, New York
December 4, 2012

Respectfully submitted,

Dahiya Law Offices LLC
For Tozammel H. Mahia
By: /s/Karamvir Dahiya, Esq. (KD-9738)
350 Broadway Suite 412
New York New York 10013
Tel: (212) 766-8000
Fax: (212) 766-8001

Notice to:

Debra Kramer
Attorney at Law
Panel Trustee
98 Cuttermill Road, Suite 466 South
Great Neck, NY 11021
Phone: (516) 482-6300
Fax: (516) 482-6317

The Law Offices of Avrum J. Rosen, PLLC
38 New Street
Huntington, New York 11743
Phone: 631-423-8527
Fax:    631-423-4536

Case 1-11-01520-ess    Doc 66    Filed 12/05/12    Entered 12/05/12 15:16:11

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X
IN RE:

    **SHAHARA KHAN,**                                                             **CASE NO. 10-46901**

                   Debtor.

-----------------------------------------------------------------X
**DEBRA KRAMER**
**AS TRUSTEE**
**OF ESTATE OF SHAHARA KHAN,**

               Plaintiff,
--against—

                                                        **ADVERSARY NO. 11-01520**

**TOZAMMEL H MAHIA,**

              Defendant.

-----------------------------------------------------------------X

## AFFIRMATION IN SUPPORT OF WITHDRAWAL OF THE ADVERSARY COMPLAINT

The defendant, Tozammel H. Mahia ("Mahia") through his counsel Karamvir Dahiya, Esq. of Dahiya Law Offices LLC (together, the "Movant" or "Mahia") respectfully submit this memorandum of law in support of their motion, pursuant to 28 U.S.C. § 157(d) and Rule 5011 of the Federal Rules of Bankruptcy Procedure, for an order withdrawing the reference of adversary complaint as initiated by the panel trustee against the movant, based on New York State Debtor and Creditor's law as applicable in Title 11 of the United States Code, in the aforesaid proceeding to the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court"). The withdrawal of reference is primarily requested premised on a constitutional right to be heard by an Article III Judge. The defendant has not filed any proof

of claim in the bankruptcy court, nor any claims are sought from such a tribunal. Continued asserted jurisdiction by a bankruptcy court on the dispute here violates Article III, Separation of Power doctrine and Appointment Clause of Article II.

## PRELIMINARY STATEMENT

The Movant respectfully seeks to have this dispute heard by an Article III Judge. The claim is based on the two fold facts or rights, right to be heard by an independent judiciary and as well as that the bankruptcy court does not have any power under the constitution to hear such a dispute.

The plaintiff trustee Ms. Debra Kramer commenced the underlying adversary complaint asserting claims against the non-debtor under New York State common law causes of action, N.Y. Debtor and Creditor Law *("DCL") §§* 270-281 applicable in bankruptcy proceedings through section 544 and 548 of the title 11. The assignment and adjudication of such dispute to and by a bankruptcy tribunal does not pass constitutional muster under any judicial or historical precedents. The claim asserted and judicial power invoked by trustee does not fall within one of the "exceptional" categories identified by the Northern Pipeline plurality (involving territorial courts, military tribunals, and public rights) or within its "adjunct" theory. *Northern Pipeline* Construction Company v. Marathon Pipe Line Company, 458 U.S. 50 (1982). Nor is there any consent by the defendant in this matter, as assessed under *Schor. CFTC* v. *Schor*, 478 U.S. 833 (1986).

## **Fraudulent Conveyance Actions implicates Private Rights**

The trustee asserted claims, in essence are not Congressionally created. These are state based causes of action and since Mahia here, has not filed any claim in the bankruptcy court, nor trustee's suit is either part of the claims adjudication process or integral to the restructuring of debtor-creditor relations, it is not a public right issue from any perspective.

"[T]he restructuring of debtor-creditor relations, which is at the core of the federal bankruptcy power, must be distinguished from the adjudication of state-created private rights, such as the right to recover contract damages that is at issue in this case. The former may well be a 'public right,' but the latter obviously is not." *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 71, 102 S.Ct. 2858, 2871, 73 L.Ed.2d 598 (1982) (opinion of BRENNAN, J.)

> There can be little doubt that fraudulent conveyance actions by bankruptcy trustees—suits which, we said in Schoenthal v. Irving Trust Co., 287 U.S., at 94-95, 53 S.Ct., at 51 (citation omitted), "constitute no part of the proceedings in bankruptcy but concern controversies arising out of it"—are quintessentially suits at common law that more nearly resemble state-law contract claims brought by a bankrupt corporation to augment the bankruptcy estate than they do creditors' hierarchically ordered claims to a pro rata share of the bankruptcy res. See Gibson 1022- 1025. They therefore appear matters of private rather than public right.

6

*GRANFINANCIERA, S.A., v. Paul C. NORDBERG, Creditor Trustee for the Estate of Chase & Sanborn Corporation, etc*. 492 U.S. 33 (1989).

## **Private Rights entitles Mahia to an Article III Judge.**

Mahia has invoked his right to an Article III adjudication. Article III protects individual litigant by safeguarding their "right to have claims decided by judges who are free from potential domination by other branches of government. United States v. Will, 449 U.S. 200, 218 (1980).

Bankruptcy Judge may propose to limit her role to extent of finding of facts and conclusion of law, however that does not ensure the protection afforded under Article III. Article III and the Fifth Amendment to the Constitution establishes rights for litigants to have their cases heard and decided by Article III judge, as opposed to Article I, judges. A mere availability of the Article III review cannot supplant or substitute for the right to be heard by a constitutional judge. See, e.g. Northern Pipeline, 458 U.S. at 74 n.28, 86 n.39 (plurality opinion) (denying that appellate review alone will suffice to vindicate Article III values).

Further, fraudulent conveyance adversary complaint is improperly before Learned Bankruptcy Judge. It is clear according to Granfinanciera majority, Congress cannot assign common-law tort, contract, and other claims to a non-Article III tribunal; neither can Congress assign statutory rights of its own creation to such

7

a tribunal, unless the statutory right either belongs to or exist against the Federal Government, or unless the stautory right is "closely intertwined with a federal regulatory program [that] Congress has power to enact ." Granfinanciera , SA v. Nordberg, 492 U.S. at 54 (1989)

Mahia has already invoked the right to be heard by an Article III Judge, have a jury trial before an Article III court and has not consented to the jurisdiction of the bankruptcy court in his answer to the complaint filed by the plaintiff trustee.

## Assumption of independent jurisdiction by bankruptcy judge violates Appointment Clause.

A bankruptcy judge is not a "Principle Officer" as contemplated under Article II of the Constitution, as her appointment is not by the President of the United States with the advice and consent of the Senate. As a result she is an "Inferior Officer." However, assumed jurisdiction by the bankruptcy judge on the underlying Adversary Complaint to decide cases of state common law causes of action would catapult the functioning and power of such judicial officer from an inferior to a principal officer. I state this based on the four factors laid out by the Supreme Court: (1) the officer's removability by a superior executive branch official; (2) the scope of the officer's duties; (3) the scope of the officer's jurisdiction; and (4) the tenure of the office at issue. Morrison v. Olson, 487 U.S. 654, 665–68 (1988).

The bankruptcy judge is not removable at will is not for a cause. 28 U.S.C. §152

(e). The bankruptcy judge wields complete powers of an independent judges as found under 28 U.S. C. § 1334 after the matter has been referred under section 157 of title 28—such referral is pre-established—there is no discretionary or individuated consideration given before such reference. The tenure of the bankruptcy judge is not on an ad-hoc basis but spans over a period of 14 years with re-appointment which is rarely denied. According to Morrison test, the bankruptcy judges cannot be equated to "Inferior Officer."  Further, applying the subsequent test as proposed by Justice Scalia in Edmond rejecting Morrison: ""Morrison did not purport to set forth a definitive test for whether an office is 'inferior' under the Appointments Clause,"—""inferior officers" are officers whose work is directed and supervised at some level by others who were appointed by Presidential nomination with the advice and consent of the Senate,"—the bankruptcy judge role transgress judicial limits of an inferior officer. *Edmond v. United States*, 520 U.S. 651, 663 (1997).

Applying *Edmond* test i.e. equating the bankruptcy judge as an adjunct, akin to magistrate to Article III has been dismissed.  See *Northern Pipeline; Stern v. Marshall*, 131 S. Ct. 2594  (2011).

It is clear based on judicial precedents that bankruptcy judge has no power to supervise or adjudicate the fraudulent conveyance case even preliminarily, without the express consent of the litigant.  Continued assumption of power by the bankruptcy judge violates Article III of the Constitution.

Further it is respectfully brought to notice of this Honorable Court's attention that the Movant is being charged a fees for filing this motion to be heard by an Article III Judge—that fees should be exempted, for its unfair to subject an individual defendant to such a charge, especially when he is not responsible for initiation of the underlying Complaint.

Wherefore we request that the motion for withdrawal of reference, please be granted. We request the district court to stay the proceeding with the bankruptcy court to prevent miscarriage of justice. We have not requested for stay of bankruptcy proceeding before the bankruptcy unit of this district, as the adversary complaint is improperly before the learned bankruptcy judge. Such a request is also not made to the bankruptcy judge under Bankruptcy Rules 5011, as such a request to the bankruptcy judge shall amount to recognition of judicial power to such Article I Judge, where Constitution does not permit such allowance.

December 4, 2012                /s/*karamvir dahiya*

_____
Karamvir Dahiya, Esq.
Dahiya Law Offices LLC
350 Broadway Suite 412
New York New York 10013
Tel: 212 766 8000
Fax: 212 766 8001